# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUINCY D. FOSTER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 17-051-JHP-KEW |
| JOE M. ALLBAUGH, DOC Director, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who currently is incarcerated at Lawton Correctional Facility, a private prison in Lawton, Oklahoma. He is attacking the execution of his life sentence in Grady County District Court Case No. CF-1993-82 for First Degree Murder. Plaintiff alleges that despite the expiration of his sentence, the DOC has not released him from custody.

The record shows that on November 16, 1995, Petitioner was sentenced to life in prison, and he was received into the DOC on December 5, 1995, to serve his sentence (Dkt. 2-1 at 1, Dkt. 7-1). On August 31, 2013, he filed a second application for post-conviction relief, claiming his life sentence equaled 45 years (Dkt. 2-1 at 3-17).[1] On September 8, 2016, the Grady County District Court denied the second post-conviction application, concluding

---

[1] The denial of Petitioner's first post-conviction application was affirmed in Case No. PC-1999-998 (Okla. Crim. App. Sept. 2, 1999). *See* Dkt. 2-2 at 22.

among other things, that the Oklahoma Court of Criminal Appeals "has indicated through Oklahoma Uniform Jury Instruction 10-13B that a life sentence is calculated as forty-five (45) years for purposes of determining discharge" (Dkt. 2-2 at 3). The state district court, however, found no evidence demonstrating Petitioner had discharged his sentence (Dkt. 2-2 at 3-4). In addition, the state district court found Petitioner could have, but did not, raise this claim on direct appeal (Dkt. 2-2 at 3). The Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief as follows:

> Petitioner has not shown that the District Court erred in denying him post-conviction relief. Further, the record does not support Petitioner's contention the District Court erred in denying his post-conviction application without an evidentiary hearing. An evidentiary hearing is only required when there exists a genuine issue of material fact. *See* Sections 1083-1084 of Title 22. The order of the District Court of Grady County denying Petitioner's second application for post-conviction relief is **AFFIRMED**.

*Foster v. State*, No. PC-2016-849, slip op. at 22 (Okla. Crim. App. Nov. 30, 2016) (Dkt. 2-2 at 22).

Respondent alleges in his response to the petition (Dkt. 7) that Petitioner has not completed his sentence, and the state district court's order denying his second post-conviction application misstated the law. Respondent further asserts Petitioner is relying on a misinterpretation of a jury instruction to support his argument. That instruction clearly explains that "[if] a person is sentenced to life imprisonment, the calculation of *eligibility of parole* is based upon a term of forty-five years . . . ." OUJI-CR 10-13B (emphasis added). Petitioner erroneously interprets this language to mean the "calculation" requires that he not be held in excess of forty-five (45) years, and his life sentence equals forty-five (45) years.

2

That, however, is not what the instruction says.

The recently published case of *Lee v. State*, 422 P.3d 782 (Okla. Crim. App. 2018) clearly sets forth the law on this issue. The *Lee* case held as follows:

> "Telling the jury that a life sentence is forty-five (45) years in prison is a misstatement of the law. *See Anderson v. State*, 130 P.3d 273, 282-83 (Okla. Crim. App. 2006) (a defendant *can be considered for parole* eligibility after serving 85% of 45 years).

*Lee*, 422 P.3d at 785 (emphasis in original). The OCCA further explained:

> Lawyers continue to confuse the punishment set out in our statutes with the administrative rules of the Pardon and Parole Board. Under our penal statutes, a life sentence means the natural life of the offender. The fact that the Pardon and Parole Board has arbitrarily set forty-five (45) years as the number the Board will use to comply with the "Forgotten Man Act," Okla. Stat. tit. 57, § 332.7 (2013), does not affect the actual sentence; the number affects only when the Board will consider the inmate for purposes of parole.

*Lee*, 422 P.3d at 785 n.1. Based on this recent explanation by the OCCA of the meaning of a life sentence in Oklahoma, the Court finds Petitioner has failed to state a claim for habeas corpus relief.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner should be denied a certificate of appealability.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 28th day of August 2018.

*[signature: James H. Payne]*

James H. Payne
United States District Judge
Eastern District of Oklahoma